[Nos. 43154, 43193, 43208.    Department Two.    January 9, 1975.]

THE STATE OF WASHINGTON, *Respondent, v.* EUGENE RAY
COSNER, *Petitioner.*

*In the Matter of the Application for a Writ of Habeas Corpus of* EUGENE T. CRAMER, *Petitioner, v.* CHARLES MORRIS,
*as Secretary of the Department of Social and Health
Services, Respondent.*

*In the Matter of the Application for a Writ of Habeas Corpus of* GARY CHRISTIAN, *Petitioner, v.* CHARLES MORRIS,
*as Secretary of the Department of Social and Health
Services, Respondent.*

*Richard Emery* and *Allen M. Ressler,* for petitioners.

*Robert E. Schillberg, Prosecuting Attorney,* and *David G.
Metcalf, Deputy,* for respondent State.

*Slade Gorton, Attorney General,* and *William C. Collins,
Assistant,* for respondent Morris.

HAMILTON, J.—Two applications for writs of habeas cor-

pus and one petition for post-conviction relief pursuant to CrR 7.7 have been consolidated for consideration. They raise the question of whether the petitioners, prior to their respective guilty pleas, received adequate notice of mandatory minimum penalties imposed pursuant to the "firearm" statute, RCW 9.41.025,[1] and the "deadly weapon" statute,

---

[1]"Any person who shall commit or attempt to commit any felony, or any misdemeanor or gross misdemeanor categorized herein as inherently dangerous. while armed with, or in the possession of any firearm, shall upon conviction, in addition to the penalty provided by statute for the crime committed without use or possession of a firearm, be imprisoned as herein provided:

"(1) For the first offense the offender shall be guilty of a felony and the court shall impose a sentence of not less than five years, which sentence shall not be suspended or deferred;

"(2) For a second offense, or if, in the case of a first conviction of violation of any provision of this section, the offender shall previously have been convicted of violation of the laws of the United States or of any other state, territory or district relating to the use or possession of a firearm while committing or attempting to commit a crime, the offender shall be guilty of a felony and shall be imprisoned for not less than seven and one-half years, which sentence shall not be suspended or deferred;

"(3) For a third or subsequent offense, or if the offender shall previously have been convicted two or more times in the aggregate of any violation of the law of the United States or of any other state, territory or district relating to the use or possession of a firearm while committing or attempting to commit a crime, the offender shall be guilty of a felony and shall be imprisoned for not less than fifteen years, which sentence shall not be suspended or deferred;

"(4) Misdemeanors or gross misdemeanors categorized as 'Inherently Dangerous' as the term is used in this statute means any of the following crimes or an attempt to commit any of the same: Assault in the third degree, provoking an assault, interfering with a public officer, disturbing a meeting, riot, remaining after warning, obstructing firemen, petit larceny, injury to property, intimidating a public officer, shoplifting, indecent liberties, and soliciting a minor for immoral purposes.

"(5) If any person shall resist apprehension or arrest by firing upon a law enforcement officer, such person shall in addition to the penalty provided by statute for resisting arrest, be guilty of a felony and punished by imprisonment for not less than ten years, which sentence shall not be suspended or deferred." RCW 9.41.025.

RCW 9.95.040[2] for the use of guns in the commission of crimes.

Petitioner Cosner was initially charged with first-degree

[2]"Within six months after the admission of a convicted person to the penitentiary, reformatory, or such other state penal institution as may hereafter be established, the board of prison terms and paroles shall fix the duration of his confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense of which he was convicted or the maximum fixed by the court where the law does not provide for a maximum term.

"The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

"(1) For a person not previously convicted of a felony but armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than five years.

"(2) For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one-half years.

"The words 'deadly weapon,' as used in this section include, but are not limited to, any instrument known as a blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than three inches, any razor with an unguarded blade, and any metal pipe or bar used or intended to be used as a club, any explosive, and any weapon containing poisonous or injurious gas.

"(3) For a person convicted of being an habitual criminal within the meaning of the statute which provides for mandatory life imprisonment for such habitual criminals, the duration of confinement shall not be fixed at less than fifteen years. The board shall retain jurisdiction over such convicted person throughout his natural life unless the governor by appropriate executive action orders otherwise.

"(4) Any person convicted of embezzling funds from any institution of public deposit of which he was an officer or stockholder, the duration of confinement shall be fixed at not less than five years.

"Except when an inmate of the reformatory, penitentiary or such other penal institution as may hereafter be established, has been convicted of murder in the first or second degree, the board may parole an inmate prior to the expiration of a mandatory minimum term, provided such inmate has demonstrated a meritorious effort in rehabilitation and at least four board members concur in such action: *Provided,* That any inmate who has a mandatory minimum term and is paroled prior to the expiration of such term according to the provisions of this chapter shall not receive a conditional release from supervision while on parole until after the mandatory minimum term has expired." RCW 9.95.040.

assault and second-degree burglary. Plea bargaining ensued as a result of which he was charged by amended information with second-degree assault and second-degree burglary to which charges he entered pleas of guilty. Both counts of the amended information essentially alleged that he committed the respective offenses while possessed of a "firearm." At the time petitioner entered his guilty pleas, the State pointed out to the trial judge that the language of the charges precluded the possibility of probation, and also that it was requesting a special finding pursuant to RCW 9.95.015,[3] which in turn would require, under RCW 9.95.040, the imposition of a mandatory minimum prison term by the Board of Prison Terms and Paroles. Counsel for petitioner acknowledged that he was aware of the State's position and would stipulate that petitioner was armed at the time of commission of the crimes charged. In response to a direct question by the trial judge, petitioner admitted he was armed with a shotgun when he engaged in the offenses involved.

At the time of sentencing, counsel for petitioner once again indicated awareness of the special finding requested by the State and stated he was not going to argue against it. In the course of the hearing, it was made clear to petitioner and his counsel that the minimum mandatory term would be 7½ years inasmuch as petitioner had been previously convicted of a felony. The special finding of being armed with a deadly weapon was entered and is part of the record herein.

---

[3]"In every criminal case wherein conviction would require the board of prison terms and paroles to determine the duration of confinement and wherein there has been an allegation and evidence establishing that the accused was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused was armed with a deadly weapon, as defined by RCW 9.95.040, at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find the defendant guilty, also find a special verdict as to whether or not the defendant was armed with a deadly weapon, as defined in RCW 9.95.040, at the time of the commission of the crime." RCW 9.95.015.

Petitioner Cramer, also known as Tommy Owen Hartz, was charged by information with four counts of robbery, two counts of kidnapping, one count of second-degree burglary and one count of second-degree assault. All counts charged the crimes were committed while petitioner was "armed with a shotgun." Plea negotiations resulted in entry of pleas of guilty to two counts of robbery. In response to a direct question from the trial judge, petitioner acknowledged that at the time he committed the offenses he was armed with a deadly weapon and a special finding was so made by the trial judge.

Prior to petitioner's pleas of guilty, colloquy ensued between the trial judge and counsel for the State and for petitioner concerning the effect of the entry of a special finding regarding use of a firearm during commission of the crimes. The trial judge at this time questioned counsel as to whether the finding would result in a 5-year or a 7½-year mandatory minimum. Both counsel for the State and petitioner advised the trial judge that the mandatory minimum term would be 5 years. Petitioner's counsel further advised the trial judge that petitioner was an intelligent individual and fully understood the consequences of his proposed pleas of guilty. Apparently, petitioner was not advised or told that because of a prior felony conviction the special finding would result in a 7½-year mandatory minimum term. Thereafter, upon petitioner's arrival at the correctional facility, the Board of Prison Terms and Paroles fixed a 7½-year mandatory minimum term pursuant to RCW 9.95.040(2).

Petitioner Christian was charged by amended information with eight counts of assault in the second degree, two counts of robbery, one count of burglary, and one count of aiding a prisoner to escape. All counts, except the aiding-in-escape charge, alleged that at the time of commission petitioner was armed with a "deadly weapon," a "dangerous weapon," or a "firearm." As a result of plea bargaining, petitioner with advice of counsel ultimately entered pleas

of guilty to assault in the second degree, burglary in the first degree, aiding a prisoner to escape, and robbery. In a written "statement on plea of guilty," petitioner acknowledged understanding that he would be subject to a 5-year mandatory minimum. In lieu of a separate special finding, the trial judge incorporated into the judgment and sentence a finding that petitioner at the time of committing the crimes involved was armed with a deadly weapon. Thereafter, the Board of Prison Terms and Paroles fixed petitioner's minimum term at 8½ years, including a 7½-year mandatory minimum under RCW 9.95.040(2).

All petitioners contend that the charging parts of the respective informations did not contain adequate allegations to put them on notice prior to their guilty pleas that they would be subject to the enhanced penalties projected by RCW 9.41.025 and/or RCW 9.95.040. They further contend that the allegations of the informations did not give notice of which statute the State was relying upon. Alternatively, petitioners Cramer and Christian assert that they were misinformed during plea negotiations as to the length of the mandatory minimum terms to which they would be subject. In addition, petitioner Christian maintains that the trial judge's incorporation of the "deadly weapon" finding in the judgment and sentence does not amount to a "special finding" under RCW 9.95.015 and is therefore a nullity.

The appellate courts of this state have held that when the State seeks to rely upon either RCW 9.41.025 or RCW 9.95.040, or both, due process of law requires that the information contain specific allegations to that effect, thus putting the accused person upon notice that enhanced consequences will flow with a conviction. *State v. Frazier*, 81 Wn.2d 628, 503 P.2d 1073 (1972); *State v. Pringle*, 83 Wn.2d 188, 517 P.2d 192 (1973); *State v. Mims*, 9 Wn. App. 213, 511 P.2d 1383 (1973); *Miller v. Morris*, 10 Wn. App. 694, 519 P.2d 1314 (1974); *State v. Smith*, 11 Wn. App. 216, 521 P.2d 1197 (1974). Failure of the State to so allege precludes reliance upon the statutes by the trial court or the Board of Prison Terms and Paroles.

■ We do not propose to recede from these holdings. Rather, we again emphasize the necessity of prosecuting attorneys uniformly adhering to the announced rule. Preferably, compliance should take the form of pleading by statutory language and citation of the statute or statutes upon which they are proceeding, *i.e.*, firearms and/or deadly weapons. Furthermore, the written "Statement of Defendant on Plea of Guilty" as set forth in CrR 4.2 (g) should be provided and made a formal part of the record in all applicable cases.

Turning, then, to the instant cases, we do not, under the circumstances here present, deem that the rigidity of the rule is such as to compel the principal relief requested, *i.e.*, nullification of the applicable mandatory minimums. Upon the record before us in each case it is undisputed that: (a) each petitioner was armed with a deadly weapon at the time of committing the felonies charged; (b) each petitioner was represented by able and competent counsel; (c) in each instance substantial plea bargaining resulted in reduction of charges; and (d) in each case enhanced penalty was discussed in open court in the presence of each petitioner. It thus strains credulity to suggest that petitioners were unaware of a mandatory minimum requirement in connection with the offenses to which they were pleading. It follows that they were, therefore, not denied due process and that their pleas of guilty were voluntarily and knowingly entered.

Petitioner Cosner was not only advised of the applicability of a mandatory minimum, but also of the fact that the mandatory minimum involved was 7½ years. His petition is accordingly dismissed.

■ Petitioners Cramer and Christian, while advised of the involvement of a mandatory minimum were, nevertheless, misinformed as to the length thereof. Their petitions are accordingly granted to the extent that the Board of Prison Terms and Paroles is directed to reduce their man-

datory minimum terms in accordance with their understanding of the length thereof at the time of their pleas.

■ We find no substantial merit in petitioner Christian's contention that incorporation of the "deadly weapon" finding in the judgment and sentence vitiates such a finding. We concede, however, that the better practice, and the one more in keeping with the purport of RCW 9.95.015, is to enter a special finding of record separate and distinct from the judgment and sentence. *See State v. Coma,* 69 Wn.2d 177, 417 P.2d 853 (1966).

HALE, C.J., and FINLEY, ROSELLINI, and WRIGHT, JJ., concur.