[No. 2094-2. Division Two. May 17, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM LANG POPE, *Appellant.*

*John B. Midgley* and *Allen M. Ressler,* for appellant.

*Donald Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

PEARSON, J.—Quaere: Where, at the time a plea of guilty is entered pursuant to a plea agreement, defendant is misinformed as to the length of a mandatory minimum sentence prescribed by law, is the trial court required at defendant's election to allow specific performance of the plea agreement; or does the trial court have discretion to vacate the plea and allow defendant to plead anew?

The facts giving rise to this issue are as follows. On May 13, 1974, defendant, William Lang Pope, pleaded guilty to first–degree kidnapping and second–degree assault, both while armed with a deadly weapon. The plea agreement which, in part, induced the plea, resulted in dismissal of a charge of armed robbery. Defendant was properly advised on the maximum penalties which would result from the plea, but was informed that the "deadly weapon" aspect of the plea would result in a 5–year mandatory minimum. Neither the prosecution, defense counsel, nor the court informed defendant that the mandatory life sentence for first–degree kidnapping would require a 20–year mandatory minimum sentence. Defendant signed a Statement on Plea of Guilty which stated the term for first–degree kidnapping would be "five years to life." The prosecuting attorney recommended concurrent sentences for the two offenses as part of the plea agreement.

Upon acceptance of the plea, defendant was sentenced to 10 years · on the second–degree assault charge and to life imprisonment on the first–degree kidnapping charge. A special finding was entered that the offenses were committed by defendant while armed with a deadly weapon. The terms of the two sentences were ordered to be served concurrently.

Subsequently, the Board of Prison Terms and Paroles set defendant's mandatory minimum term at 20 years. On March 17, 1975, defendant petitioned this court for post–

conviction relief pursuant to CrR 7.7,[1] claiming a deprivation of due process. The petition stated that defendant was not informed that a 20–year mandatory minimum sentence would result from his plea of guilty to first–degree kidnapping. The petition requested no specific relief, but the brief which accompanied the petition asked that defendant be allowed to withdraw his plea of guilty in accordance with *Lutton v. Smith*, 8 Wn. App. 822, 509 P.2d 58 (1973). We remanded for a fact–finding hearing, pursuant to CrR 7.7.

At the hearing in superior court, defendant's counsel sought to have the plea agreement enforced. At the conclusion of the hearing, the trial court found that defendant was not aware at the time of his plea that he would be subject to a mandatory minimum term of 20 years on the first–degree kidnapping charge, and concluded he was denied due process of law. However, the court also concluded (1) that defendant was not entitled to specific performance of the plea agreement, but instead should be allowed to withdraw the plea of guilty, and (2) that the State "is entitled by law to refile the charge of kidnapping in the first degree against petitioner, *as well as charges of robbery and assault.*" (Italics ours.) This conclusion was not carried out in the final order entered, which allowed defendant a new trial only on the charge of first–degree kidnapping.

On appeal, neither the State nor defendant addresses the discrepancy between the court's conclusion of law and its final order. Rather, defendant's sole contention is that the trial court erred in denying his request for specific performance of the agreement on plea of guilty. *State v. Cosner*, 85 Wn.2d 45, 530 P.2d 317 (1975). On the other hand, the State contends the remedy under CrR 7.7, namely, "appropriate relief," vests the trial court with discretion as to the remedy. The State does not cross–appeal from the order allowing defendant to withdraw his plea of guilty to first–

---

[1]CrR 7.7 was rescinded by the Supreme Court effective July 1, 1976, except as to cases pending on that date, and replaced by RAP 16.3 *et seq.*

degree kidnapping, for the reason that CrR 4.2(d) was clearly violated at the original sentencing.[2]

*State v. Cosner, supra,* a departmental opinion of the Supreme Court, ordered the Board of Prison Terms and Paroles to reduce the mandatory minimum terms of two petitioners from 7 1/2-year terms to 5-year terms, where they had been misinformed at the time guilty pleas were entered that the mandatory term would be 5 years. That case does not, however, warrant a conclusion that specific performance is an exclusive remedy for defendants who have been misinformed as to the duration of a mandatory minimum term. In that case both petitioners sought to have their pleas vacated, alleging, among other things, a denial of due process. In rejecting this contention, the court held the circumstances surrounding the sentencing procedure did not constitute a denial of due process warranting vacation of the pleas, but under those circumstances specific performance of the plea understanding was the appropriate remedy.

On the other hand, CrR 4.2(f) specifically sanctions an order allowing defendant to withdraw his guilty plea "whenever it appears that the withdrawal is necessary to correct a manifest injustice." Presumably this would encompass a denial of due process. In more specific language, the Supreme Court in *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976), speaking prospectively at page 511 stated: "In addition, failure to comply fully with CrR 4.2 requires that the defendant's guilty plea be set aside and his case remanded so that he may plead anew." The court was there also concerned with a defendant who was not informed of the mandatory minimum term, but relief from the error was disallowed because petitioner withdrew his objection thereto.

---

[2]CrR 4.2(d) (*effective July 1, 1973*) provides:

" **(d) Voluntariness.** The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge *and the consequences of the plea.*" (Italics ours.)

■ The apparent conflict between *State v. Cosner, supra,* and *Wood v. Morris, supra,* is resolved, we think, by construing those cases and CrR 4.2(f) as granting full discretion in the trial court to select the type of relief justified by the circumstances of the particular case. The due administration of justice may under certain circumstances require specific performance of the plea agreement as in *State v. Cosner, supra.* In other cases, justice may require withdrawal of the plea as suggested in *Wood v. Morris, supra; Lutton v. Smith, supra; State v. Harvey,* 5 Wn. App. 719, 491 P.2d 660 (1971). To the same effect, *see Santobello v. New York,* 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971). *Contra, People v. Flores,* 6 Cal. 3d 305, 491 P.2d 406, 98 Cal. Rptr. 822 (1971).

This result was also intended by the task force responsible for the preparation of CrR 7.7. That rule provided that if a sentence is imposed in violation of the United States Constitution, the Washington Constitution, or laws of Washington, the court shall order "appropriate relief." The Washington Criminal Rules Task Force stated the use of the words "appropriate relief" was intended to give the superior court full use of its discretion in reforming or rescinding petitioner's sentence. *Washington Proposed Rules of Criminal Procedure* 137 (1971).

■ There are currently no guidelines for trial courts to use in the proper exercise of discretion, once the violation of CrR 4.2 has been established. We suggest that the ultimate choice of remedies should be based upon a consideration of all the circumstances surrounding the plea agreement and the sentencing, as well as what has occurred in the interim between the original sentencing and the time the discretion is exercised. Among other relevant things the court should consider:

(1) whether the error was inadvertent or the product of bad faith on the part of the State; where bad faith is found to exist, the court should give considerable weight to the choice of remedy sought by defendant;

(2) whether retrial of petitioner on the original charges would be frustrated by absence of witnesses of either the State or the defendant;

(3) whether the discrepancy between the sentence imposed and the one anticipated by the plea agreement is great or small;

(4) the seriousness of the offenses to which pleas were entered;

(5) whether the particular remedy selected will, in a fair way, restore defendant to the position he would have been in had the violation of CrR 4.2(d) not occurred.

Appropriately, counsel for the State and the petitioner should be prepared at the remand hearing to apprise the trial court of the various ramifications resulting from each of the remedies available. In the instant case, petitioner gave the trial court no cogent reasons the remedy selected would be prejudicial, other than the obvious benefit to him of having a shortened mandatory minimum should specific performance of the agreement be ordered. There is no evidence that a fair trial on the original charges would be prejudiced by the lapse of time or the absence of witnesses. Nor is there any evidence that the error which occurred was the product of bad faith on the part of the State.

Under all these circumstances, we conclude there was no abuse of discretion in allowing defendant to withdraw his pleas and plead anew to the original charges. However, the order entered should be modified to allow defendant to plead anew to second–degree assault, as well as first–degree kidnapping. The concurrent sentence aspect of the plea agreement compels the conclusion that the pleas to the two counts were related and an integral part of the plea agreement. Furthermore, under the circumstances here existing, we do not believe the robbery charge which was dismissed with prejudice should be revived. Due administration of justice requires some limitation of the State's ability to revive a charge, once dismissed, after the lapse of several years.

Affirmed as modified and remanded for proceedings consistent with this opinion.

PETRIE, C.J., and REED, J., concur.

Petition for rehearing denied June 13, 1977.

Review denied by Supreme Court November 18, 1977.