[No. 2742–3.   Division Three.   August 31, 1978.]

*In the Matter of the Personal Restraint of*
ELDON O. WILLIAMS, *Petitioner.*

*John H. Hertog, Jr., Dan Stormer,* and *Allen M. Ressler* of *Institutional Legal Services,* for petitioner.

*Slade Gorton, Attorney General, Nate D. Mannakee, Assistant; Donald C. Brockett, Prosecuting Attorney,* and *Gregory G. Staeheli, Deputy,* for respondent.

MUNSON, C.J.—Eldon O. Williams seeks relief from personal restraint imposed by convictions for second–degree possession of stolen property and second–degree burglary. Mr. Williams alleges that if he had been informed that his sentence on the possession of stolen property charge could not run concurrently with his sentence on the burglary charge, he would not have pleaded guilty to the former. Accordingly, Mr. Williams requests the Board of Prison Terms and Paroles be ordered to run his sentences on the burglary charge and possession of stolen property charge concurrently, and set his minimum terms on these causes at no longer than 4 years. We order the Board to run his sentences concurrently.

Mr. Williams agreed to plead guilty to the possession of stolen property charge in exchange for, among other things, the prosecutor's recommendation that the sentence on that charge run concurrently with all other existing sentences. The prosecutor recommended concurrency and the judge agreed to that recommendation. The Board of Prison Terms and Paroles, however, ordered the sentences to run consecutively as required by RCW 9.92.080(1) which provides in relevant part:

(1) Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: . . .

On January 30, 1970, Mr. Williams was sentenced to 15 years on the burglary conviction. His time started running on that conviction on June 26, 1970, and expires on June 25, 1985. Subsequently, he was paroled, but his parole was revoked on January 24, 1977. After revocation, the Board imposed a new minimum term of 2 1/2 years on the burglary conviction. That term of confinement expires July 18, 1979.

On the date he pleaded guilty to the possession of stolen property, Mr. Williams received a maximum sentence of 5 years. The Board imposed a minimum term of 4 years on that conviction to run consecutively with the minimum term on his burglary conviction. The minimum term on the second–degree possession of stolen property expires July 17, 1983.

It is the obligation of the court to correctly inform a guilty pleading defendant as to the maximum sentence on the charge, and any additional punishment he may be subject to as a result of previous convictions. *State v. Tourtellotte,* 88 Wn.2d 579, 583, 564 P.2d 799 (1977). The ABA Standards provide:

(a) Whether or not the plea is tendered as a result of a plea agreement, the trial judge should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and determining that

. . .

(iv) . . . the defendant understands the maximum possible sentence on the charge (including that possible from consecutive sentences), . . .

ABA Standards, The Function of the Trial Judge § 4.2 (1972).

In the present case, the trial judge obviously forgot the effect of RCW 9.92.080(1), and failed to correct Mr. Williams' erroneous impression that his sentence could run

concurrently. Where a defendant pleading guilty has been misinformed as to the length of sentence, the court may, in its discretion, reduce the sentence to comport with defendant's understanding at the time he entered his plea or permit the defendant to withdraw his plea. *State v. Pope,* 17 Wn. App. 609, 564 P.2d 1179 (1977); *compare Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976) *with State v. Cosner,* 85 Wn.2d 45, 530 P.2d 317 (1975). In *State v. Cosner, supra,* two defendants were erroneously informed their mandatory minimum sentences would be 5 years. By statute, their mandatory minimum sentences were set at 7 1/2 years by the Board of Prison Terms and Paroles. Since the defendants had been misinformed, the court granted a reduction of their terms "in accordance with their understanding of the length thereof at the time of their pleas." *State v. Cosner, supra* at 52.

Moreover, where a plea bargain agreement relating to concurrency of sentences is unfulfillable under state law, specific performance is an appropriate remedy. *Commonwealth v. Zuber,* 466 Pa. 453, 353 A.2d 441 (1976). In *Zuber,* the court considered a situation similar to the present case. The defendant agreed to plead guilty to murder in exchange for a promise by the prosecutor to recommend a sentence of 7 to 15 years, and to join with defense counsel in requesting the State Board of Paroles to run the new sentence concurrently with a sentence on a prior conviction. The Pennsylvania Supreme Court characterized the prosecutor's promise as a "false and empty one" since Pennsylvania law required that a parole violator convicted and sentenced to prison for another offense must serve his "back time" and the new sentence in consecutive order. The court held the defendant was entitled to the benefit of the plea bargain agreement. *See also Palermo v. Warden, Green Haven State Prison,* 545 F.2d 286 (2d Cir. 1976); *United States v. Hammerman,* 528 F.2d 326 (4th Cir. 1975); *Harris v. Superintendent, Va. State Penitentiary,* 518 F.2d 1173 (4th Cir. 1975); *Geisser v. United States,* 513 F.2d 862 (5th Cir. 1975); *United States v. Carter,* 454 F.2d

426 (4th Cir. 1972), *cert. denied,* 417 U.S. 933, 41 L. Ed. 2d 237, 94 S. Ct. 2646 (1974).

We feel under the circumstances of the present case, specific performance is the only appropriate remedy. Invalidation of the plea would result in a manifest injustice. There were several bases for the plea bargain agreement and only the concurrency aspect is challenged. Furthermore, vacation of the plea would be a useless act. Police officers discovered stolen property (12 parking meters) in Mr. Williams' possession, and he readily admitted his guilt in open court. Certainly, a retrial would be a waste of judicial time. The interests of justice would here be better served by granting specific performance thereby affording Mr. Williams the benefit of his bargain.

Therefore, it is ordered Mr. Williams' maximum sentence in Spokane County cause No. 25242 (the second–degree possession of stolen property charge) shall run concurrently with the remainder of his maximum sentence in Spokane County cause No. 19483 (second–degree burglary charge). It is further ordered that the Board of Prison Terms and Paroles shall redetermine the minimum sentences on these two charges. We decline, however, to express any opinion as to the appropriate length of the minimum sentences since this is a matter solely within the Board's discretion. We only require that the minimum sentences run concurrently.

GREEN and McINTURFF, JJ., concur.