[No. 7367-2-I.   Division One.   April 7, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. TEXAS BARTON GRAY, *Appellant.*

*Alan Corner,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *J. Robin Hunt, Deputy,* for respondent.

DORE, J.—Defendant Gray appeals from the remedy afforded to him by the Superior Court for a breach of his plea bargain and the denial of bail during the pendency of his appeal. We affirm.

ISSUE

1. Did specific performance of the plea bargain cure the breach of that agreement?

2. Was the denial of bail during the pendency of defendant's appeal proper?

FACTS

Gray entered a "Statement of Defendant on Plea of Guilty" in March 1978, to a violation of the Uniform Firearms Act, RCW 9.41.040. In exchange for this plea, the prosecuting attorney agreed to recommend a 2-year minimum sentence to the parole board. Additionally the parties agreed that no mandatory minimum sentence would be imposed. The statement was taken by the trial judge who entered judgment and sentenced Gray to a maximum 10-year term.

In June 1978, the Board of Prison Terms and Paroles set defendant's sentence at 5 years and required a 1-year mandatory minimum.

In July 1978, defendant filed a personal restraint petition in the Court of Appeals (No. 6805-I), wherein he (Gray) asserted he was "entitled to specific performance of his plea bargain, and as such is entitled to a sentence without a mandatory minimum. . . ." This court ordered the case transferred to the Superior Court for a "prompt hearing on the merits" of Gray's claims.

The Superior Court found that Gray, the defendant, relied on the representations made by the court and the prosecutor in pleading guilty, and that the crime charged carried no mandatory minimum. The court ordered the board to reset the minimum term eliminating the 1-year mandatory minimum term. The court also ordered that the new minimum to be set should not exceed the previous 5-year minimum, and that the board must take into account the time already served by the defendant. Bail on appeal was denied.

DECISION

ISSUE 1: Specific performance of the plea bargain was the proper remedy.

Both parties agree that the parole board's imposition of a mandatory minimum sentence was in "violation" of the plea bargain agreement. The only question is whether the trial court's remedy of specific performance of the plea bargain cured the defect.

*State v. Pope,* 17 Wn. App. 609, 614–15, 564 P.2d 1179 (1977) sets out considerations to be made by the trial court in the choice of remedies where, *inter alia,* a defendant is misinformed as to a mandatory minimum sentence at the time of entry of the guilty plea pursuant to a plea agreement.

Among other relevant things the court should consider:

(1) whether the error was inadvertent or the product of bad faith on the part of the State; where bad faith is found to exist, the court should give considerable weight to the choice of remedy sought by defendant;

(2) whether retrial of petitioner on the original charges would be frustrated by absence of witnesses of either the State or the defendant;

(3) whether the discrepancy between the sentence imposed and the one anticipated by the plea agreement is great or small;

(4) the seriousness of the offenses to which pleas were entered;

(5) whether the particular remedy selected will, in a fair way, restore defendant to the position he would have been in had the violation of CrR 4.2(d) not occurred.

These criteria were cited with approval in *State v. Pierre,* 20 Wn. App. 239, 580 P.2d 648 (1978), *review denied,* 92 Wn.2d 1003 (1979).

1. Inadvertence or bad faith. Nothing in the record indicates that the parole board's error was the result of bad faith. The prosecutor played no part in the board's error and agreed with Gray that a mistake was made.

2. Retrial frustrated. Facts which would be relevant here are not before this court.[1]

3. Discrepancy between sentence imposed and one anticipated by plea agreement. Defendant bargained for (1) the prosecutor to *recommend* a 2-year minimum sentence and (2) the *certainty* of not having a mandatory minimum sentence imposed. Thus Gray did not know with any degree of certainty, and did not bargain with the State for any degree of certainty, as to how long his minimum sentence would be. The basis of Gray's bargain was not necessarily a shortened prison term. The discrepancy between the sentence imposed and that bargained for is minimal. The former incorrectly mandated a 1-year prison term. The latter never anticipated less than that 1-year term, *even if* the prosecutor's 2-year recommendation had been imposed.

4. Seriousness of offense. The amended information states that defendant unlawfully and feloniously had in his possession or under his control a 9 mm. Smith and Wesson model 59 automatic pistol. Because defendant had previously been convicted of a violent crime, to wit: manslaughter and robbery, his possession of the pistol was a crime by authority of RCW 9.41.040. Any crime involving a deadly weapon is a serious offense.

5. Restoring defendant to a position as if no violation of plea agreement occurred. The trial court's order to the parole board placed defendant in the same position he was in when he made the plea agreement. It contained adequate safeguards to protect the defendant from retaliation or other wrongdoing by the board.

Defendant argues that he was convinced that a sentence without a mandatory term would afford him a more rapid release. However, defendant has not set forth any facts

---

[1]Note that defendant is not asking for permission to withdraw his guilty plea and proceed to trial. Rather, he requests that the plea agreement be enforced as if the law required the parole board to set a mandatory minimum sentence. Defendant asserts the only way to honor the promise to defendant, therefore, would be for this court to order the suspension of Gray's sentence so as to keep him from the board's control.

which would support an argument that he would have been paroled in less time than the 1–year served as a result of the wrongful sentence.

Defendant makes two vague attempts to explain why the remedy afforded was ineffective to right the wrong. First, he asserts the benefits to defendant of the plea bargain agreement were more than merely being in or out of prison. Defendant fails to specify what these benefits of the bargain were to him. He has not come forward with articulable facts, for example, which would demonstrate that he was induced to plead guilty to the charge in return for promises which, at this time, have not been kept. Second, defendant states "[t]he remedy offered in no way benefits the defendant to the extent promised in the Plea Agreement. Mr. Gray was denied the benefits (both real and hoped for) of a non–mandatory sentence." In actuality, specific performance gives Gray all of the real benefits of a nonmandatory sentence. He will be resentenced without a mandatory minimum. His time already spent imprisoned will be taken into consideration by the board. Unfortunately for defendant, his "hoped for" benefits were not made a part of his bargain.

ISSUE 2: The denial of bail was proper.

As the State correctly points out, defendant cites no authority in support of his contention that the trial court should have set bail on the instant appeal. The Court of Appeals can properly refuse to consider assignments of error which are unsupported by authority. *State v. DeCuir*, 19 Wn. App. 130, 135, 574 P.2d 397 (1978); *State v. Wood*, 89 Wn.2d 97, 99, 569 P.2d 1148 (1977).

In any event, the denial of bail was not an abuse of the lower court's discretion. Defendant did not challenge the prison sentence set or his 5–year minimum term. The 1–year mandatory minimum term is alone at issue. As shown above, his plea agreement clearly contemplates some undetermined prison time. Furthermore, this court had

previously reviewed defendant's request for bail on appeal which was denied on March 26, 1979.

Affirmed.

CALLOW, C.J., and ANDERSEN, J., concur.

