[No. 7051-4-III. Division Three. August 20, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. TOMMY R. HARRIS, *Appellant*.

*Roger Peven* and *Peven & Bechtolt,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Sam F. Cozza, Deputy,* for respondent.

THOMPSON, J.—Pursuant to RAP 18.15(b), Tommy Harris seeks accelerated review of superior court sentencing for convictions of first degree burglary, first degree robbery and attempted first degree rape. The commissioner of the Court of Appeals vacated the sentence for attempted rape and remanded for further proceedings. We affirm the commissioner's ruling.

In exchange for the State's promise not to recommend a sentence or oppose any sentence proposed by him, Mr. Harris pleaded guilty to all three offenses. He did so after the court advised him, orally and in writing on the "Statement of Defendant on Plea of Guilty", that his standard sentencing range for the attempted first degree rape was 42¾ to 56¼ months. This determination was based on computations established by the Sentencing Guidelines Commission which considers the particular offense and the extent and nature of the offender's criminal history, if any. *See* RCW 9.94A.040(2)(a); *State v. Baker,* 40 Wn. App. 845, 848, 700 P.2d 1198 (1985). At the time of his plea, Mr. Harris' offender score was calculated as "1" based on a determination a prior Texas conviction of burglary of a habitation–theft was a "nonviolent felony conviction".

At sentencing, however, the court reclassified the Texas conviction as a violent felony and added either the robbery or attempted rape to the burglary as an "other current offense", resulting in an offender score of 4. The presumptive sentencing range on the attempted rape charge was thus increased to 72 to 96 months and decreased 25 percent based on the "attempt" classification, netting a range of 54 to 72 months. Over objection, the court imposed a 72–month sentence on the attempted rape count and concurrent sentences of 68 months on the robbery and 48 months

on the burglary counts.

Mr. Harris seeks resentencing, contending the trial court de facto imposed a sentence outside the standard range and erroneously failed to find the convictions occurred from the same conduct.

A sentence in excess of the legislatively authorized standard range may be imposed only if compelling reasons justify an exceptional sentence. RCW 9.94A.120(2); *Baker,* at 846. When such a sentence is appealed, RCW 9.94A.210 provides guidelines for review:

> (1) A sentence within the standard range for the offense shall not be appealed. . . .
>
> (2) A sentence outside the sentence range for the offense is subject to appeal by the defendant or the state. The appeal shall be to the court of appeals in accordance with rules adopted by the supreme court.
>
> . . .
>
> (4) To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.
>
> . . .
>
> (6) The court of appeals shall issue a written opinion in support of its decision whenever the judgment of the sentencing court is reversed and may issue written opinions in any other case where the court believes that a written opinion would provide guidance to sentencing judges and others in implementing this chapter and in developing a common law of sentencing within the state.

The threshold determination is whether or not the sentence was or was not within the standard range. Because the "standard" was modified by the trial court between acceptance of the plea and imposition of sentence, that determination is rendered impossible in this case.

 A defendant must understand the sentencing consequences to validate his guilty plea. *Wood v. Morris,* 87 Wn.2d 501, 513–14, 554 P.2d 1032 (1976). Where he is misinformed or thereafter sentenced otherwise, as in this case,

the courts have taken steps to rectify the problem. In *State v. Cosner,* 85 Wn.2d 45, 51–52, 530 P.2d 317 (1975), the court ordered the Board of Prison Terms and Paroles to reduce mandatory minimum terms from 7½– to 5–year terms because the defendants had been misinformed at the time their guilty pleas were entered that the mandatory minimum term would be 5 years. Likewise, in *In re Williams,* 21 Wn. App. 238, 240–41, 583 P.2d 1262 (1978), we ordered the Board of Prison Terms and Paroles to run a defendant's sentences concurrently (notwithstanding statutory direction to the contrary) because the trial court at entry of the plea "failed to correct [his] impression that his sentence could run concurrently". *See also State v. Elmore,* 36 Wn. App. 38, 671 P.2d 292 (1983); *In re Baca,* 34 Wn. App. 468, 662 P.2d 64 (1983); *State v. Pope,* 17 Wn. App. 609, 564 P.2d 1179 (1977).

Although advice about the sentencing range is a new requirement for guilty–pleading defendants, *see* RCW 9.94A.100; CrR 4.2(g) (sections 12 and 13 of the approved form), it is a direct consequence of the plea. *Wood v. Morris, supra.* Absent a finding of exceptional circumstances, it is the sentence a defendant expects to receive. When no new information is brought to the court's attention between acceptance of the plea and the sentencing, the range should be as expressed at entry of the plea unless the defendant is given an opportunity to plead anew. *In re Baca, supra.*

The sentence is vacated, and the matter is remanded for resentencing within the range established at the plea hearing, or outside that range if the trial court finds exceptional circumstances warranting a deviation from the presumptive sentencing range. RCW 9.94A.120. In the alternative, the court may sentence the defendant under the recomputed increased range, but only after allowing the defendant the opportunity to withdraw his plea of guilty.

GREEN, C.J., and MUNSON, J., concur.