[No. 16898-3-I.   Division One.   December 24, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. WESLEY MICHAEL PERKINS, *Respondent.*

---

*Norm Maleng, Prosecuting Attorney,* and *Sally Stanfield, Deputy,* for appellant.

*Mark W. Muenster* of *Washington Appellate Defender Association,* for respondent.

COLEMAN, J.—The State of Washington appeals entry of a sentence following a plea agreement which incorrectly stated the standard sentencing range for the offense as a result of a clerical error made by the prosecutor in developing the plea agreement. We reverse and remand for further proceedings.

On April 26, 1985, Wesley M. Perkins was charged with five counts of violating the Uniform Controlled Substances Act. On May 28, 1985, Perkins and the prosecutor entered into a plea agreement in which the prosecutor agreed to dismiss two of the five counts of delivery of a controlled substance and to recommend the lowest sentence in the standard sentencing range for the offense. The agreement stated that the standard sentencing range for this crime

was 33 to 43 months and that the prosecutor recommended a sentence of 33 months. On June 3, 1985, the court accepted the plea agreement and set sentencing for July 5, 1985. The plea agreement accepted by the court and signed by Perkins included the following provisions:

12. I have been informed and fully understand that the standard sentencing range is based on the crime charged and my criminal history. Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere. Criminal history also includes convictions or guilty pleas at juvenile court that are felonies and which are committed when I was fifteen years of age or older. Juvenile convictions count only if I was less than twenty-three years of age at the time I committed the present offense. I fully understand that if criminal history in addition to that listed in paragraph 5 is discovered, both the standard sentence range and the Prosecuting Attorney's recommendation may increase. Even so, I fully understand that my plea of guilty to this charge is binding upon me if accepted by the court, and I cannot change my mind if additional criminal history is discovered and the standard sentence range and the Prosecuting Attorney's recommendation increases.

13. I have been informed and fully understand that the court does not have to follow anyone's recommendation as to sentence. I have been fully informed and fully understand that the court must impose sentence within the standard sentence range unless the court finds substantial and compelling reasons not to do so. If the court goes outside the standard sentence range, either I or the [S]tate can appeal that sentence. If the sentence is w[i]thin the standard sentence range, no one can appeal the sentence. . . .

In paragraph 5 of the plea agreement, Perkins agreed to the prosecutor's understanding of his criminal history. That paragraph incorporated by reference appendix A–1, which listed Perkins' convictions for two adult felonies, one adult misdemeanor, two juvenile felonies, and two juvenile misdemeanors. Perkins was 21 when he signed this plea agreement and the two juvenile offenses were committed after he was 15; therefore, under paragraph 12, he agreed that the

juvenile felonies were included in his criminal history for computing the sentencing range.

On June 4, 1985, the day after the court accepted Perkins' plea, the prosecutor determined that an error had been made in computing the score for determining the standard range for Perkins' offense. While the criminal history had included two applicable juvenile felonies, the computation on the score sheet did not account for those two offenses. Thus, the incorrect score relied upon was 6, which carries a standard range of 33 to 43 months instead of 7, which carries a standard range of 43 to 57 months. The prosecutor sent a note to Perkins' counsel informing her of this error and prepared a corrected score sheet that reflected the true offender score and the higher standard range. This corrected score sheet and a new recommendation for 43 months instead of 33 months was submitted to the court in the prosecutor's presentence statement. The sentencing hearing of July 5, 1985, was continued until July 10, 1985.

At the July 10 sentencing hearing, the prosecutor explained the error and asked the court to impose the low end of the correct standard range. The court declined to permit the correction and imposed sentence pursuant to the incorrectly calculated standard range. The court correctly stated that the defendant had no reason to know that a mistake had been made and was entitled to rely on the information given by the prosecutor in the plea agreement in agreeing to enter a plea of guilty. The State appeals, assigning error to the trial court's "finding that the State was bound at sentencing by its clerical mistake in the calculation of the offender score and thus by the standard range represented in the plea agreement."[1]

---

[1]Respondent asks this court to dismiss the State's appeal since the statute prohibits appeal of "[a] sentence within the standard range for the offense . . ." RCW 9.94A.210. In this case, however, no one disputes the fact that the sentence imposed was not within the standard range for the offense. The prosecution discovered the error in computing the range the day after the plea was accepted. At sentencing, the prosecution, defense counsel, and the court knew that the sen-

■ Under the Sentencing Reform Act of 1981 (RCW 9.94A) the sentencing range is determined by assigning a predetermined score for current and prior convictions and determining the seriousness level of the charged crime. RCW 9.94A.310–.360. There is no discretion in determining the range for the offense. The act provides:

When a person is convicted of a felony, the court shall impose punishment as provided in this section.

(1) Except as authorized in subsections (2) and (5) of this section, the court shall impose a sentence within the sentence range for the offense.

(2) The court may impose a sentence outside the standard sentence range for that offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence.

Former RCW 9.94A.120. (Subsection (5) is an exception that applies only to first–time offenders; it is inapplicable here.) Because a sentence outside the legislatively authorized range may be imposed only if compelling reasons justify an exceptional sentence, it is clear that the court must have the correct sentencing range in mind when imposing sentence. *See State v. Harris*, 41 Wn. App. 561, 563, 705 P.2d 280 (1985); RCW 9.94A.210.

In this case, defense counsel and the court were advised that an error had been made in computing the standard sentencing range before the sentencing hearing. The prosecutor informed defense counsel of the error the day after the court accepted Perkins' plea. The prosecutor included a corrected score sheet in the presentencing report and a corrected judgment and sentence that included a value for the two juvenile felony convictions that had been omitted on the original score sheet. At the sentencing hearing, defense counsel did not dispute the juvenile convictions, nor did she dispute the fact that the prosecutor had made an error in computing the sentencing range. Thus, the trial court erred

tence ultimately imposed was below the standard range for the offense. Respondent's argument, therefore, is without merit.

in not acknowledging the new information offered by the prosecutor and by imposing a sentence that was not within the standard range for the offense and which was not an exceptional sentence pursuant to RCW 9.94A.120.

█ We reject the State's argument that respondent may be resentenced without an opportunity to withdraw his plea. Advice about the sentencing range is a direct consequence of the plea and, absent a finding of exceptional circumstances, the plea includes the sentence a defendant expects to receive. *Harris,* at 564. Therefore, when an error in computation is discovered between acceptance of the plea and sentencing, the defendant must be allowed the opportunity to withdraw his plea.[2] The authorities that the State cites in support of its argument that the respondent should be resentenced pursuant to the correctly determined standard range, unlike the instant case, are cases in which the defendant bore some responsibility for the misinformation. *In re Baca,* 34 Wn. App. 468, 662 P.2d 64 (1983); *State v. Hall,* 32 Wn. App. 108, 645 P.2d 1143 (1982).

We likewise reject respondent's contention that he should be entitled to specific performance of the plea agreement. The cases in which the court ordered specific performance of a plea agreement that included an incorrect sentence involved discovery of the error *after* sentencing. *See State v. Cosner,* 85 Wn.2d 45, 530 P.2d 317 (1975); *In re Williams,* 21 Wn. App. 238, 583 P.2d 1262 (1978). In the instant case, new information was brought to the court's attention between acceptance of the plea and the sentencing; therefore, the range must be determined in accordance with the provisions of the sentencing reform act, and the defendant must be given an opportunity to withdraw his

---

[2]CrR 4.2(f) provides:

"**Withdrawal of Plea.** The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. If the defendant pleads guilty pursuant to a plea agreement and the court later determines under RCW 9.94A.090 that the agreement is not binding, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered."

plea. If he chooses not to withdraw his plea, he may be resentenced in accordance with the provisions of the sentencing reform act.

The sentence is vacated and the matter remanded to the trial court for further proceedings in accordance with this opinion.

RINGOLD, A.C.J., and SWANSON, J., concur.