[No. 17933-1-I.   Division One.   July 27, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD
SHELLIE MILLER, *Appellant*.

*Anthony Savage*, for appellant.

*David F. Thiele, Prosecuting Attorney*, and *William H.
Hawkins, Deputy*, for respondent.

COLEMAN, J.—Ronald S. Miller appeals the denial of his
motion to withdraw his guilty plea. We reverse and remand.

On June 2, 1985, Thomas Bruce was murdered with a .22
caliber rifle. Miller was charged with first degree murder.
We will not set forth the facts relating to the charge as they
are not relevant to the issues presented by this appeal. On
November 5, 1985, the deputy prosecuting attorney
assigned to the case wrote a letter to Miller's attorney

offering a plea agreement in which the prosecutor would recommend a term of 20 years and the defendant would be free to argue for whatever sentence he desired, including an exceptional sentence. Having been told by his counsel that an exceptional sentence was a possibility, Miller entered a plea of guilty. The prosecutor's proposal was incorporated into the written plea agreement, and the provision explaining that a mandatory minimum sentence applied was excised from the agreement. The agreement was signed by the defendant, and his plea of guilty was accepted by the court.

On February 3, 1986, Miller filed a motion to withdraw his guilty plea on advice of new counsel. After a hearing, the court denied Miller's motion to withdraw his guilty plea and entered findings of fact and conclusions of law. The court refused to consider itself bound to impose a mandatory sentence and ordered specific performance of the plea agreement. At the sentencing hearing, Miller's counsel argued that an exceptional sentence could not legally be imposed and therefore defendant should be allowed to withdraw his plea. The court imposed a sentence of 20 years, the same term as the mandatory minimum. Miller appeals.

Appellant raises one issue on appeal: whether a defendant must be given the opportunity to withdraw a plea that, through no fault of the defendant, was based on erroneous information.

█ When, prior to sentencing, the court receives information that a plea agreement contains erroneous information concerning the court's sentencing options, the court may not impose the erroneous sentence and must offer the defendant the opportunity to withdraw the plea. *See State v. Perkins,* 46 Wn. App. 333, 337–38, 730 P.2d 712 (1986). In the instant case, all parties discovered, prior to sentencing, that RCW 9.94A.120(4) imposes a mandatory minimum sentence for felons convicted of first degree murder.[1] Thus,

---

[1]RCW 9.94A.120(4) provides:

they learned that an exceptional sentence pursuant to RCW 9.94A.120(2) was expressly prohibited. Because the trial court received information before sentencing that the plea agreement permitted consideration of a sentence expressly prohibited by the statute, it erred in denying appellant's motion to withdraw his guilty plea.

Additionally, a plea agreement that is not in the interest of justice or that is not consistent with prosecuting standards must be set aside and the defendant must be offered an opportunity to plead anew. CrR 4.2(f); RCW 9.94A-.090(1).[2] A sentence not permitted by the sentencing reform act, as a matter of definition, cannot be in the interests of justice and cannot be in accord with prosecut-

---

"(4) An offender convicted of the crime of murder in the first degree shall be sentenced to a term of total confinement not less than twenty years. An offender convicted of the crime of assault in the first degree where the offender used force or means likely to result in death or intended to kill the victim shall be sentenced to a term of total confinement not less than five years. An offender convicted of the crime of rape in the first degree shall be sentenced to a term of total confinement not less than three years, and shall not be eligible for furlough, work release or other authorized leave of absence from the correctional facility during such minimum three year term except for the purpose of commitment to an inpatient treatment facility. The foregoing minimum terms of total confinement are mandatory and shall not be varied or modified as provided in subsection (2) of this section."

[2]CrR 4.2(f) provides:

"(f) **Withdrawal of Plea.** The court shall allow a defendant to withdraw the defendant's plea of guilty whenever it appears that the withdrawal is necessary to correct a manifest injustice. If the defendant pleads guilty pursuant to a plea agreement and the court later determines under RCW 9.94A.090 that the agreement is not binding, the court shall inform the defendant that the guilty plea may be withdrawn and a plea of not guilty entered."

RCW 9.94A.090(1) provides:

"(1) If a plea agreement has been reached by the prosecutor and the defendant pursuant to RCW 9.94A.080, they shall at the time of the defendant's plea state to the court, on the record, the nature of the agreement and the reasons for the agreement. *The court, at the time of the plea, shall determine if the agreement is consistent with the interests of justice and with the prosecuting standards. If the court determines it is not consistent with the interests of justice and with the prosecuting standards, the court shall, on the record, inform the defendant and the prosecutor that they are not bound by the agreement and that the defendant may withdraw the defendant's plea of guilty,* if one has been made, and enter a plea of not guilty." (Italics ours.)

ing standards. The prosecuting standards provide guidance for the prosecutor in implementing the sentencing reform act. RCW 9.94A.430. Implicit in the standards is the requirement that sentencing recommendations must be in accordance with the substantive provisions of the statute. *See* RCW 9.94A.460.

Moreover, in *Perkins,* this court held that a plea agreement based on an erroneous computation of the offender score must be set aside because the sentence would not be in compliance with the sentencing reform act.

> We likewise reject respondent's contention that he should be entitled to specific performance of the plea agreement. The cases in which the court ordered specific performance of a plea agreement that included an incorrect sentence involved discovery of the error *after* sentencing. *See State v. Cosner,* 85 Wn.2d 45, 530 P.2d 317 (1975); *In re Williams,* 21 Wn. App. 238, 583 P.2d 1262 (1978). In the instant case, new information was brought to the court's attention between acceptance of the plea and the sentencing; therefore, the range must be determined in accordance with the provisions of the sentencing reform act, and the defendant must be given an opportunity to withdraw his plea. If he chooses not to withdraw his plea, he may be resentenced in accordance with the provisions of the sentencing reform act.

*Perkins,* at 338–39. Thus, the trial court erred when it refused to set aside the plea agreement and allow the appellant to enter a new plea.

Respondent contends that the trial court had the authority to require specific performance of the plea agreement. In support of this contention, respondent cites several cases that are distinguishable. In *In re Baca,* 34 Wn. App. 468, 473, 662 P.2d 64 (1983), and *State v. Pope,* 17 Wn. App. 609, 615, 564 P.2d 1179 (1977), the trial court had already given the defendant the opportunity to withdraw the guilty plea. In *Wood v. Morris,* 87 Wn.2d 501, 515, 554 P.2d 1032 (1976), the defendant reaffirmed his plea on other grounds after learning of the mandatory minimum. In *State v. Tourtellotte,* 88 Wn.2d 579, 585–86, 564 P.2d 799

(1977), the court held that the prosecutor could not move to withdraw the guilty plea of the defendant in order that he might charge the defendant with a crime he had agreed to dismiss. Unlike *Tourtellotte,* the defendant in the instant case, not the State, seeks withdrawal of the plea agreement. Other cases cited by respondent are inapposite because in all of these cases the error was either discovered or committed *after* sentencing; in the instant case, the error was discovered *before* sentencing. *See State v. Cosner,* 85 Wn.2d 45, 49, 530 P.2d 317 (1975); *State v. Gray,* 25 Wn. App. 789, 791, 612 P.2d 401 (1980); *In re Williams,* 21 Wn. App. 238, 239–40, 583 P.2d 1262 (1978); *State v. Pierre,* 20 Wn. App. 239, 240–41, 580 P.2d 648 (1978).

Finally, respondent cites *State v. Harris,* 41 Wn. App. 561, 705 P.2d 280 (1985), in which the trial court determined that an error had been made in classifying a crime in the defendant's criminal history resulting in a lower standard range in the plea agreement. The trial court refused to impose the lower range and did not offer the defendant the opportunity to withdraw his plea. The Court of Appeals reversed and remanded to the trial court to either impose a sentence within the originally calculated standard range or impose a sentence within the correct range after giving the defendant the opportunity to withdraw his plea. *Harris,* at 564. *Perkins,* on the other hand, stands for the proposition that a court may not *knowingly* impose a sentence that violates the statute. To the extent that *Harris* and *Perkins* conflict, we believe that the *Perkins* analysis establishes a better rule. We reaffirm the principle enunciated in *Perkins* that when an error affecting the court's sentencing power is discovered between acceptance of a plea agreement and sentencing, the defendant must be given the opportunity to withdraw his plea. *Perkins,* at 338. The remedy of specific performance when an error in the plea agreement is discovered after sentencing is not comparable to granting that remedy when the court is aware of the error before sentencing. In the former instance, the court is faced with an accomplished fact. The only reasonable action in the latter

instance is to correct the error, inform the defendant, and give the defendant the opportunity to withdraw his plea. Additionally, we perceive an important distinction between *Harris* and the instant case. In *Harris,* the originally calculated sentence was not prohibited by the statute; it could have been imposed as an exceptional sentence. In the instant case, the statute expressly prohibits the sentence which the plea agreement contemplated would be recommended by the defendant. We believe that even under the *Harris* rationale, this plea agreement could not be enforced. Thus, the trial court erred in determining that it was free to consider an illegal sentence and on that basis refusing to set aside the plea agreement.

We vacate the sentence and remand to the trial court with instructions to permit the defendant to withdraw his guilty plea.

SWANSON and WEBSTER, JJ., concur.

Review granted by Supreme Court November 4, 1987.