23 P.3d 1132 (2001)
106 Wash.App. 477
STATE of Washington, Respondent,
v.
Joel Philip HOLGREN, Appellant.
No. 46255-5-I.
Court of Appeals of Washington, Division 1.
June 4, 2001.
Gregory Charles Link, Washington Appellate Project, Seattle, for Appellant.
Deborah A. Dwyer, King County Prosecutors Office, Appellate Unit, Seattle, for Respondent.
*1133 WEBSTER, J.
Defendant Joel Holgren pled guilty to vehicular homicide. At the time of his plea, he believed that only one of his prior convictions for driving under the influence of intoxicants (DUI) would be relied upon to enhance his sentence, and that his two other DUI convictions would not be taken into account because they occurred more than seven years prior to the current offense. At sentencing, the court determined that the two other DUI convictions must be used to enhance Holgren's sentence and denied his request for enforcement of the plea agreement.
On appeal, Holgren argues that the existence of the prior convictions are elements of the enhanced crime of vehicular homicide and that the State was thus required to plead and prove them beyond a reasonable doubt. Further, he contends that he is entitled to specific performance of the plea agreement. Finally, he contends that his sentence for vehicular homicide may only be enhanced by prior DUI convictions which occurred within the seven years prior to the current offense. We affirm.

FACTS
Holgren pled guilty to Vehicular Homicide. On the plea form, Holgren's standard range was listed as 55-65 months. The form indicated that the State would recommend an exceptional sentence of 79 months. The form also said that if the standard range was higher than the prosecutor expected, the prosecutor would recommend the low end.
The parties stipulated that Holgren had three prior DUI's.
At the sentencing hearing, the court concluded that it was required by statute to add two years to Holgren's base standard range for each of the three prior DUI's, for a total of six additional years. The court accordingly found that Holgren's total standard range was 103-112 months. Holgren did not agree with the court's conclusion but chose not to withdraw his guilty plea. In accordance with the plea agreement, the State recommended the low end of the range, 103 months.
This appeal followed.

DISCUSSION
A. Specific Performance
A defendant must understand the sentencing consequences for a guilty plea to be valid. Wood v. Morris, 87 Wash.2d 501, 503, 513, 554 P.2d 1032 (1976). Holgren contends that the plea agreement was premised on a mistaken belief regarding the correct sentence. He argues that he is entitled to specific performance of the plea agreement, that is, he argues that he is entitled to a sentence within the range of 55-65 months.
Holgren argues that he pled guilty based on a misunderstanding, shared by the State, that only one of his prior DUI convictions contributed to the standard range. He primarily relies on State v. Miller, 110 Wash.2d 528, 756 P.2d 122 (1988).
In Miller, the criminal defendant entered a plea of guilty to first degree murder pursuant to a plea agreement between Miller and the prosecuting attorney. The plea agreement specified that Miller would be free to argue his sentencing, including recommending an exceptional sentence of less than 20 years. The State agreed to recommend a term of 20 years.
Before entering his guilty plea, Miller had been misinformed by his attorney, who in turn had been misinformed by the prosecutor, that the possibility of a sentence of less that 20 years existed. Neither the prosecutor nor the defense attorney knew at the time that the mandatory minimum sentence for first degree murder was 20 years.
After he entered the plea, but before sentencing, Miller learned of the mandatory minimum sentence. He then moved to withdraw his guilty plea. The court denied the motion and ruled that the plea agreement could be specifically enforced, notwithstanding the mandatory minimum sentence. This court reversed, holding that he was entitled to withdraw his plea.[1] The Supreme Court affirmed, holding that Miller had the option *1134 of enforcing or withdrawing his plea, and because no compelling reasons existed to deny the withdrawal, Miller was entitled to withdraw his plea.
Holgren reads Miller as holding that he has the option of either withdrawing his plea or enforcing it, citing the language in Miller that "[w]e have held that ... the specific terms of a plea agreement based on a mistake as to sentencing consequences may be enforced despite the explicit terms of the statute." Miller, 110 Wash.2d at 532, 756 P.2d 122.
But there was no mistake in this case. Specific language in the plea agreement indicates that the parties understood at the time of the guilty plea that the sentencing consequences were not certain. When his guilty plea was taken, Holgren acknowledged that he understood that the prosecutor's recommendation could change and that the standard range could be higher than expected.
Unlike Miller, Holgren did not receive erroneous legal advice as to the sentencing consequences of his guilty plea. Rather, he understood at the time of his guilty plea that the effect of his prior DUI's on his sentence was uncertain. We therefore deny his demand for a sentence in the range of 55-65 months.[2]
B. Prior DUI Convictions
Holgren argues that his 1991 DUI convictions cannot be used to enhance his current sentence because he committed those offenses more than seven years before he committed his current offense. He relies on the fact that the different penalties for a DUI conviction that are set out in RCW 46.61.5055 are based on whether or not the defendant committed certain alcohol-related offenses within the previous seven years.
However, Holgren misreads the relevant statutes. The statute under which his sentence was enhanced refers to RCW 46.61.5055 only for the purpose of the definition of a "prior offense". RCW 9.94A.310(7).[3] The definition is found in section 11(a) of the statute. While RCW 46.61.5055 also limits prior offenses to those within the last seven years for purposes of punishing a DUI offense[4], that limitation is irrelevant to the punishment of Holgren for Vehicular Homicide.
C. Apprendi v. New Jersey
In reliance on Apprendi v. New Jersey,[5] Holgren argues that the State was required to plead and prove his three prior DUI convictions at trial. He is incorrect.
Under the SRA, a defendant's prior convictions need be proved by a preponderance of the evidence only; proof beyond a reasonable doubt is not required. RCW 9.94A.110(1).
The Apprendi decision has no effect on the procedures used in Holgren's sentencing. In Apprendi, the Supreme Court considered the case of a defendant whose sentence was substantially increased, above the statutory maximum, based upon the sentencing court's finding that the crime was racially motivated. The court held that this determination was related to the circumstances of the crime, and must be proved to a jury.
*1135 Stating a general rule that a fact that increases the penalty for a crime "beyond the prescribed statutory maximum" must be submitted to a jury and proved beyond a reasonable doubt, the Court explicitly excepted "the fact of a prior conviction" from this rule.[6] The court treated prior convictions differently because proof of recidivism, unlike factual inquiries concerning what actually happened during the incident leading to conviction, does not relate to the commission of the offense itself.[7]
The holding in Apprendi does not invalidate the sentencing procedure used in Holgren's case. Because Holgren's sentence was enhanced based on recidivism rather than on some fact related to his present offense, there was no requirement that the State prove the prior convictions beyond a reasonable doubt.
We affirm.
AGID, J., and APPELWICK, J., concur.
NOTES
[1] State v. Miller, 48 Wash.App. 625, 742 P.2d 723 (1987).
[2] It should be noted that, even were Holgren entitled to the remedy of specific performance, specific performance of the plea agreement would not entitle him to a sentence within a standard range of 55-65 months. Specific performance requires only that the State make the recommendation it agreed to make; it does not require the court to sentence according to that recommendation. State v. Henderson, 99 Wash. App. 369, 371, 993 P.2d 928 (2000). See also Miller, 110 Wash.2d at 530, 532, 756 P.2d 122 (grant of specific performance allowed trial court to consider sentence below mandatory minimum; court is not absolutely bound by mandatory minimum where it conflicts with the terms of the plea agreement). In fact, Holgren has arguably received specific performance of the plea agreement here, where the State recommended the low end of the standard range.
[3] "An additional two years shall be added to the standard sentence range for vehicular homicide committed while under the influence of intoxicating liquor or any drug as defined in RCW 46.61.502 for each prior offense as defined in RCW 46.61.5055."
[4] RCW 46.62.5055(1).
[5] 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[6] Apprendi, 120 S.Ct. at 2362-63.
[7] Apprendi, 120 S.Ct. at 2366.