[No. 37989-9-II.    Division Two.    July 21, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. DANNY JOE BARBER, JR., *Appellant*.

*James L. Reese III*, for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Randall A. Sutton, Deputy*, for respondent.

¶1 BRIDGEWATER, J. — Danny Joe Barber Jr. appeals the trial court's order modifying his judgment and sentence to add a term of community custody not included in his original judgment and sentence. Concluding that the trial court had the authority to impose the term of community custody, despite the agreement between the State and Barber to ask the court not to impose community custody, we affirm the trial court.[1]

¶2 On November 16, 2007, the State charged Barber by amended information with one count of felony driving under the influence of intoxicants (felony DUI). Barber entered into a plea agreement whereby he agreed to plead guilty and the State agreed to recommend 51 months of confinement and no community custody.[2]

¶3 When accepting Barber's plea, the trial court asked if community custody was required for Barber's offense. Barber's counsel replied, "I don't believe so, Your Honor. That is surprising to me as well." Report of Proceedings (Nov. 16, 2007) at 4. The State did not respond. The trial court informed Barber that it was not bound by the plea agreement, accepted Barber's plea, and sentenced him to 51 months of confinement, a standard range sentence. The trial court did not impose a term of community custody.

¶4 In April 2008, the Department of Corrections (DOC) notified the trial court that under RCW 9.94A.715(1), a mandatory term of 9 to 18 months of community custody applied to Barber's crime of felony DUI. It moved to modify Barber's judgment and sentence to add that term of com-

---

[1] A commissioner of this court initially considered Barber's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[2] The plea agreement listed several boxes that the parties could check indicating a community custody range. None were checked.

munity custody. The State and Barber agreed that Barber had the right to either withdraw his guilty plea or seek specific performance of the plea agreement. Barber chose specific performance. The State stated that while it was bound by the plea agreement, the trial court was not.

¶5 At a May 23, 2008, hearing, the State recommended the trial court accept the plea agreement of 51 months of confinement but no community custody. The trial court again stated that it was not bound by the plea agreement and modified Barber's judgment and sentence to add a term of 9 to 18 months of community custody. Barber appeals.

¶6 Barber argues because he was not informed of a direct consequence of his plea, that a term of community custody was required for his crime, he did not knowingly and intelligently plead guilty and was entitled to a remedy. He contends that when he elected the remedy of specific performance, the trial court was bound by the plea agreement between the State and Barber. Because that plea agreement recommended no community custody, he contends the trial court erred in imposing the term of community custody.

¶7 A defendant must be informed of all direct consequences of pleading guilty, including mandatory community custody. *State v. Turley*, 149 Wn.2d 395, 398-99, 69 P.3d 338 (2003). Failure to inform a defendant that he will be subject to mandatory community custody if he pleads guilty renders a plea invalid. *Turley*, 149 Wn.2d at 398-99. Once a plea is invalid, the defendant has the initial choice of specific performance or withdrawing his plea. *Turley*, 149 Wn.2d at 399 (citing *State v. Miller*, 110 Wn.2d 528, 536, 756 P.2d 122 (1988)).

¶8 The State and Barber agree that he was not informed that the crime of felony DUI required the trial court to impose a term of community custody and thus he was not informed of a direct consequence of his plea. They also agree that Barber had his choice of remedy and that he chose specific performance. But they dispute the meaning of "specific performance."

¶9 Barber asserts that specific performance means that the trial court must impose the sentence the parties agreed upon in the plea agreement. Barber therefore argues that he was not given specific performance because the trial court did not adhere to the plea agreement. The State responds that specific performance means that it must comply with the plea agreement, by making the agreed recommendation at resentencing, but that the trial court is not required to impose the sentence agreed upon in the plea agreement. The State therefore responds that because it recommended the sentence agreed upon in the plea agreement, Barber received his requested remedy of specific performance.

¶10 Specific performance of a plea bargain requires only that the prosecutor recommend what he or she agreed to recommend. *In re Pers. Restraint of Powell*, 117 Wn.2d 175, 199, 814 P.2d 635 (1991). The trial court is not bound by any recommendations contained in the plea agreement. *State v. Harrison*, 148 Wn.2d 550, 557, 61 P.3d 1104 (2003); *State v. Henderson*, 99 Wn. App. 369, 376, 993 P.2d 928 (2000) (citing former RCW 9.94A.090(2) (2000), *recodified as* RCW 9.94A.431(2) by Laws of 2001, ch. 10, § 6 (sentencing judge is not bound by any recommendations contained in a plea agreement)). Specific performance entitles Barber only to the State's recommendation, not to the sentence he and the State agreed upon. *Harrison*, 148 Wn.2d at 557; *Henderson*, 99 Wn. App. at 376-77. Because the State honored the plea agreement and recommended 51 months of confinement and no community custody, Barber received specific performance.

¶11 Barber cites several cases claiming that they stand for the proposition that a remedy of specific performance binds the trial court to the plea agreement. *United States v. Holman*, 728 F.2d 809 (6th Cir.), *cert. denied*, 469 U.S. 983 (1984); *Banks v. State*, 56 Md. App. 38, 466 A.2d 69 (1983); *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 88 P.3d 390 (2004); *Turley*, 149 Wn.2d at 399; *State v. Ross*, 129 Wn.2d 279, 916 P.2d 405 (1996); *State v. Walsh*, 143 Wn.2d 1, 17

P.3d 591 (2001); *State v. Schaupp*, 111 Wn.2d 34, 757 P.2d 970 (1988); *Miller*, 110 Wn.2d 528; *State v. Tourtellotte*, 88 Wn.2d 579, 564 P.2d 799 (1977). None of these cases provides a foundation for Barber's argument.

¶12 *Walsh* and *Ross* do not apply because the defendants in those cases sought to withdraw their guilty pleas and did not seek specific performance. *Walsh*, 143 Wn.2d at 9; *Ross*, 129 Wn.2d at 288. *Isadore* and *Miller* held that a defendant is entitled to choose a remedy when his guilty plea is rendered involuntary. *Isadore*, 151 Wn.2d at 303; *Miller*, 110 Wn.2d at 531-32. Barber chose the remedy of specific performance. *Turley* addressed the issue of whether a defendant is entitled to withdraw a guilty plea to each count separately when he pleaded guilty to multiple counts on the same day. *Turley*, 149 Wn.2d at 398. *Schaupp* did not hold that the trial court was bound by the plea agreement. Instead, the *Schaupp* court held that the defendant was entitled to the benefit of his original bargain. *Schaupp*, 111 Wn.2d at 41. Even if *Schaupp* had held that the trial court was bound by the plea agreement, it was superseded by RCW 9.94A.431(2) and *Harrison*, 148 Wn.2d at 557. Finally, *Banks* and *Holman* do not apply because they are based on laws or rules that require a judge to either accept the plea agreement or impose a more favorable disposition. *Banks*, 56 Md. App. at 47; *Holman*, 728 F.2d at 812 (citing FED. R. CRIM. P. 11(e)(1)(C) (trial court is bound by sentencing recommendation once it accepts a plea agreement)). Washington law does not impose such a requirement on the trial court. *Harrison*, 148 Wn.2d at 557.

¶13 Barber also argues that the trial court violated his due process rights when it imposed community custody. He supports this argument by citing to *Miller* for the proposition that a defendant has the right to elect his choice of remedy. The trial court gave Barber the choice of remedy and he chose specific performance. But due process does not require the trial court to impose the sentence agreed upon by the parties.

¶14 In his statement of additional grounds, Barber argues that he should be entitled to the plea bargain he negotiated. As described above, he did receive the benefit of that bargain. Barber also argues that DOC, as a part of the State, should not have been allowed to move to modify his judgment and sentence. But only the prosecutor is bound by the plea agreement. *See also Powell*, 117 Wn.2d at 199 (Indeterminate Sentence Review Board is not bound by a plea agreement). Finally, Barber argues that the State tricked him into pleading guilty on this count on the promise of no community custody so that he would also plead guilty on a second count. This allegation involves facts outside the record; therefore we cannot address those issues. *State v. McFarland*, 127 Wn.2d 322, 338 n.5, 899 P.2d 1251 (1995).

¶15 In conclusion, Barber was entitled to choose specific performance. But that meant only that the State was bound by the plea agreement to recommend a sentence with no community custody. The State adhered to the plea agreement. The trial court was not bound by the plea agreement. And RCW 9.94A.715(1) requires the trial court to impose a term of community custody for Barber's crime. We affirm the trial court's order modifying Barber's judgment and sentence to add that term of community custody.

¶16 Affirmed.

ARMSTRONG and QUINN-BRINTNALL, JJ., concur.