IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32717-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| GUILLERMO GOMEZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Guillermo Gomez pleaded guilty to second degree burglary and second degree theft. He challenges the voluntariness of his plea in light of the State's alleged breach of the plea agreement when the prosecutor argued for a higher offender score during sentencing than agreed to by the parties. The State acknowledges an offender score miscalculation, but argues the plea was voluntary. Because the State breached the plea agreement by undercutting the agreed sentencing recommendation, we remand with instructions to permit Mr. Gomez to elect whether to withdraw his guilty plea or seek specific performance. Based on this disposition, the miscalculated offender score issue is moot.

FACTS

The State charged Mr. Gomez with second degree burglary, second degree theft, third degree malicious mischief, second degree vehicle prowling, and third degree theft, all occurring in Kittitas County. Mr. Gomez agreed to plead guilty to second degree burglary and second degree theft in exchange for the other three charges being dismissed.

The plea agreement showed an offender score of one for each offense and a sentencing range of 9-12 months on the burglary charge and 3-8 months on the theft charge. The agreement also noted that Mr. Gomez had two current Yakima County charges against him that "occurred prior to the events in this case & thus should not count in present offender score." Clerk's Papers (CP) at 4. The State agreed to recommend concurrent sentencing with the Yakima convictions.

Mr. Gomez pleaded guilty in Yakima County to residential burglary and intimidating a witness. The next day, the Kittitas County court accepted Mr. Gomez's guilty plea to the second degree burglary and second degree theft charges and scheduled sentencing for the following Monday.

At the sentencing hearing, the prosecutor argued the offender score on the plea agreement was incorrect and should be "one higher" because Mr. Gomez previously

"pled in Yakima." Report of Proceedings (RP) (June 9, 2014) at 3. Mr. Gomez objected[1] and the matter was continued to sort out the offender score discrepancy.

The State argued Mr. Gomez was aware of the possibility of a higher offender score if the Yakima convictions went first. Defense counsel countered that he did not remember the discussion and "certainly did not communicate . . . it to [Mr. Gomez]." RP (June 13, 2014) at 11.

Ultimately, the sentencing court included the Yakima convictions in calculating Mr. Gomez's offender score and included a 2012 harassment conviction, which the court incorrectly counted as a felony.[2] Based on an offender score of five, the court sentenced Mr. Gomez to 17 months for the second degree burglary conviction and 12 months for the second degree theft conviction. The sentences were run concurrent with each other and the Yakima convictions. Mr. Gomez appeals.

## ANALYSIS

The issue is whether the State breached the parties' plea agreement by recommending a sentence higher than that agreed by the parties.

Plea agreements are contracts; therefore, issues regarding the interpretation of a plea agreement are questions of law and are reviewed de novo. *State v. Bisson*, 156

---

[1] Appellate counsel notes in his opening brief that his client did not object below, but our record clearly shows Mr. Gomez opposed the higher offender score calculation, which resulted in a continuance of the sentencing hearing.

[2] The State concedes the error.

3

Wn.2d 507, 517, 130 P.3d 820 (2006). The State has a contractual duty of good faith, requiring that it not undercut the terms of the agreement, either explicitly or implicitly, by conduct evidencing intent to circumvent the terms of the plea agreement. *State v. Jerde*, 93 Wn. App. 774, 780, 970 P.2d 781 (1999). In addition to contract principles binding the parties to the agreement, constitutional due process "requires a prosecutor to adhere to the terms of the agreement" by recommending the agreed on sentence. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 189, 94 P.3d 952 (2004).

Moreover, a guilty plea is involuntary and must be withdrawn when the defendant has been incorrectly advised of the offender score and accompanying standard range. *State v. Mendoza*, 157 Wn.2d 582, 589-91, 141 P.3d 49 (2006). A defendant, however, may waive this right if he or she "was clearly informed before sentencing that the correctly calculated offender score rendered the actual standard range *lower* than had been anticipated at the time of the guilty plea." *Id.* at 592 (emphasis added). The range here was higher than anticipated.

In this case, after Mr. Gomez pleaded guilty, the prosecutor argued for a higher offender score than listed on the plea agreement based on the Yakima convictions even though the plea agreement specifically stated that the Yakima charges "should not count in present offender score." CP at 4. Moreover, defense counsel acknowledged he did not communicate to Mr. Gomez the possibility of the Yakima charges increasing his offender score. Under *Lord*, 152 Wn.2d at 189, the prosecutor was required "to adhere to the

4

terms of the agreement" by recommending the agreed on sentence; the prosecutor failed to do so. Also problematic is the voluntariness of the plea. In *State v. Walsh*, 143 Wn.2d 1, 4, 17 P.3d 591 (2001), our Supreme Court held that a plea agreement was not voluntary where the prosecutor agreed to recommend the low-end of a standard range sentence, but the plea agreement contained a mistaken standard range. The court held, "[Mr.] Walsh has established that his guilty plea was involuntary based upon the mutual mistake about the standard range sentence." *Id.* at 9. The court further held, "Where a plea agreement is based on misinformation, as in this case, generally the defendant may choose specific enforcement of the agreement or withdrawal of the guilty plea." *Id.*

"When the prosecutor breaches a plea agreement, the appropriate remedy is to remand for the defendant to choose whether to withdraw the guilty plea or specifically enforce the State's agreement." *State v. Jerde*, 93 Wn. App. 774, 782-83, 970 P.2d 781 (1999). "'[T]he defendant's choice of remedy controls, unless there are compelling reasons not to allow that remedy.'" *Id.* (quoting *State v. Miller,* 110 Wn.2d 528, 535, 756 P.2d 122 (1988)).

Based on the above, the prosecutor breached the plea agreement, rendering Mr. Gomez's plea involuntary. The appropriate remedy is to reverse and remand for Mr. Gomez to elect whether to withdraw his guilty plea or specifically enforce the State's agreement.

5

No. 32717-5-III
*State v. Gomez*

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Siddoway, C.J.                          Fearing, J.

6