IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34170-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRENZ RAY HAMPTON | ) | UNPUBLISHED OPINION |
| HENDERSON, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Terrenz Ray Hampton Henderson (Hampton-Henderson) pled

guilty to unlawful possession of a firearm and taking a motor vehicle without permission.

The trial court concluded that Hampton-Henderson's offender score was 9+, and the

court sentenced him within the standard range for that score. Hampton-Henderson later

sought to withdraw his guilty plea on a variety of bases, including an erroneous

calculation of his offender score. The trial court denied his motion. We conclude that the

trial court erroneously calculated the offender score, and based on *State v. King*, 162 Wn.

App. 234, 253 P.3d 120 (2011), we reverse and remand with instructions to revoke the guilty plea.

## FACTS

The facts underlying the criminal charges against Terrenz Ray Hampton-Henderson bear little import to this appeal. On October 26, 2015, a Moses Lake police officer arrested Hampton-Henderson after stopping him in a stolen car. On October 27, 2015, the State of Washington charged Hampton-Henderson with possession of a stolen vehicle. Stemming from other conduct on December 2, 2015, the State, on December 3, 2015, charged Hampton-Henderson with unlawful possession of a firearm and possession of a controlled substance.

On February 9, 2016, as part of a global resolution, the State of Washington filed an amended information charging Terrenz Hampton-Henderson with unlawful possession of a firearm in the second degree and taking a motor vehicle without permission in the second degree. The amended information omitted the possession of controlled substance charge. The amended information indicated Hampton-Henderson committed the crime of taking a motor vehicle on or about the 2nd day of December, 2015, an erroneous date.

On February 9, 2016, Terrenz Ray Hampton-Henderson pled guilty to the amended charges. The State, based on the global resolution, recommended a prison-based drug offender sentencing alternative (DOSA). Hampton-Henderson initialed the

2

No. 34170-4-III
*State v. Hampton-Henderson*

DOSA portion of the plea agreement, which read: "[t]he judge will also impose a term of community custody of one-half of the midpoint of the standard range." Clerk's Papers (CP) at 30.

In his written statement on plea of guilty, Terrenz Hampton-Henderson declared:

> On December 2, 2015 I possessed a firearm after being convicted of a felony, and on October 26, 2015 I used a motor vehicle that did not belong to me without permission, all in the State of Washington.

CP at 32. During the February 9 plea hearing, the trial court and Hampton-Henderson engaged in the following colloquy:

> THE COURT: You have provided a statement in your plea of guilty —identifying the basis for your plea. Do you wish to state anything else or do you want the court just to use that statement as—as the basis.
> DEFENDANT: That's fine.

Report of Proceedings (RP) at 22.

Terrenz Hampton-Henderson's statement on plea of guilty listed his offender score as 9+. The later judgment and sentence summarized his criminal history as:

3

2.2 Criminal History (RCW 9.94A.525):

| | Crime | Date of Crime | Date of Sentence | Sentencing Court (County & State) | A or J Adult, Juv. | Type of Crime | DV* Yes | |
|---|---|---|---|---|---|---|---|---|
| 1 | Poss Controlled Substance | 6-18-14 | 12-30-14 | King County, WA 14-1-04282-1 | A | NV | | ✗ |
| 2 | Poss Stolen Property 2 Poss Controlled Substance | 7-16-13 | 8-6-13 | Grant County, WA 13-1-00446-4 | A | NV | | |
| 3 | PSP-1 | 4/19/07 | 10/15/07 | PIERCE CO, WA 07-1-02126-6 | A | NV | | |
| 4 | POSSESSION OF COCAINE | 9/28/05 | 10/26/05 | PIERCE CO, WA 05-1-04769-2 | A | NV | | |
| 5 | CONTRL SUBSTANCE-FELONY | 11/16/05 | 10/26/05 | KING CO, WA 05-1-09597-7 | A | NV | | |
| 6 | UNL POSSESSION FIREARM-2 | 10/26/04 | 12/08/04 | PIERCE CO, WA 04-1-05012-1 | A | NV | | |
| 7 | POSSESSION OF COCAINE | 4/09/04 | 11/02/04 | PIERCE CO, WA 04-1-01853-8 | A | NV | | ✗ |
| 8 | UNL POSSESSION FIREARM-2 | 1/21/04 | 2/12/04 | PIERCE CO, WA 04-1-00301-8 | A | NV | | |
| 9 | VUCSA-POSSESS WITH INTENT | 5/11/98 | 7/8/98 | TACOMA, WA 98-8-01455-2 | J | NV | | |
| 10 | TAKING A MOTOR VEHICLE W/O PERMISSION | 12/11/96 | UNK | KING CO, WA 97-8-05230-2 | J | NV | | |
| 11 | PSP-1 | 4/19/07 | 10/15/07 | PIERCE CO, WA 07-1-02126-6 | A | NV | | |

*DV: Domestic Violence was pled and proved. ✗ *THE SENTENCE REPORTED TO WSP ON THESE OFFENSES INDICATE THEY WERE GROSS MISDEMEANORS.*

[WASH]

CP at 42.

During the February 9, 2016 plea hearing, the trial court reviewed the parties' agreement, informed Terrenz Hampton-Henderson of the standard range sentence for his crimes based on an offender score of 9, and conducted the standard plea colloquy. Because of a request for furlough until February 12, the trial court delayed sentencing until February 17. Because of a pending hearing in another case, the trial court directed Terrenz Hampton-Henderson to be temporarily jailed in Grant County from February 12 until February 25, 2016, rather than placed in the immediate custody of the Department of Corrections. On February 17, the trial court delayed sentencing until February 23.

On February 18, 2016, Terrenz Ray Hampton-Henderson filed a motion for conditions for release from the jail on his personal recognizance, for a signature bond, and for a bail reduction. The motion complained that the Grant County jail failed to provide medical treatment to Hampton-Henderson and denied him access to legal resources. Hampton-Henderson also declared that he underwent harassment in the jail because of his African-American ethnicity. He feared for his life in jail. Finally, in the motion, Hampton-Henderson averred that he pled guilty to the two crimes under pressure of being killed in jail.

On February 19, 2016, Terrenz Hampton-Henderson filed a motion to withdraw his guilty plea. On February 23, 2016, the sentencing hearing transpired. During the hearing, the trial court also entertained argument on the motion to withdraw the guilty plea. The court confirmed that Hampton-Henderson knowingly, intelligently, and voluntarily entered the plea and thereby denied the motion. The court sentenced Hampton-Henderson to a DOSA sentence of 27.75 months on the unlawful possession of a firearm conviction and a non-DOSA sentence of 29 months on the taking a motor vehicle charge.

## LAW AND ANALYSIS

On appeal, Terrenz Ray Hampton-Henderson forwards numerous arguments in support of his request to withdraw his guilty plea. Hampton-Henderson contends, in part,

5

that the State or the trial court miscalculated his offender score. The State impliedly

concedes the offender score error and asks that the case be returned to the trial court for

resentencing. We conclude, however, that the miscalculation permits Hampton-

Henderson to withdraw his guilty plea.

RCW 9.94A.525 is a comprehensive statute addressing criminal offender scores,

which, in turn, determines the length of criminal sentences. Under RCW 9.94A.589(1):

> whenever a person is to be sentenced for two or more current
> offenses, the sentence range for each current offense shall be determined by
> using all other current and prior convictions as if they were prior
> convictions for the purpose of the offender score.

The level of seriousness of the pending conviction and the defendant's offender score

determine the standard sentence range under Washington's Sentencing Reform Act of

1981, chapter 9.94A RCW. The court calculates the offender score by counting the prior

and current felony convictions in accordance with the rules for each offense. RCW

9.94A.525. For nonviolent offenses, like Hampton-Henderson's 2016 convictions, the

court counts one point for each prior adult felony conviction, one point for each earlier

violent juvenile felony conviction, and a half point for each previous nonviolent juvenile

felony. RCW 9.94A.525(7). Over time, if the offender refrains from reoffending, the

court excludes, from the count, class B and C felony convictions. RCW 9.94A.525(2)(b)-

6

(c). Finally the offender score is the sum of points accrued under RCW 9.94A.525 rounded down to the nearest whole number.

Terrenz Hampton-Henderson argues that, on its face, the judgment and sentence establishes an offender score of 8.5 at most. Thus, the offender score of 9 presumed by the trial court was error. Hampton-Henderson relies on the handwritten notations that indicate two convictions were for gross misdemeanors and one juvenile felony washed out. We agree, assuming the criminal history to be correct, that his offender score should be 8 not 9.

This court reviews a trial court's calculation of an offender score de novo. *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). An offender may challenge erroneous sentences lacking statutory authority for the first time on appeal. *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 877, 50 P.3d 618 (2002). A sentencing court acts without statutory authority when it imposes a sentence based on a miscalculated offender score. *In re Personal Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997).

The State agrees to a miscalculation of the offender score and asks us to remand the case for a new sentencing. Nevertheless, all the cases the State cites involve convictions following a trial, not following a plea.

Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent. CrR 4.2(d); *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed.

7

2d 274 (1969); *In re Personal Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390

(2004). Under CrR 4.2, once a guilty plea is accepted, the court must allow withdrawal

of the plea only "to correct a manifest injustice." CrR 4.2(f). In turn, the Washington

Supreme Court has repeatedly held that a defendant may challenge the voluntariness of a

guilty plea when the defendant was misinformed about sentencing consequences resulting

in a more onerous sentence than anticipated. *State v. Walsh*, 143 Wn.2d 1, 17 P.3d 591

(2001); *State v. Ross*, 129 Wn.2d 279, 916 P.2d 405 (1996); *State v. Miller*, 110 Wn.2d

528, 756 P.2d 122 (1988), *overruled on other grounds by State v. Barber*, 170 Wn.2d

854, 248 P.3d 494 (2011). A defendant who is misinformed of a direct consequence of

pleading guilty is not required to show the information was material to his decision to

plead guilty in order to withdraw the plea. *In re Personal Restraint of Isadore*, 151

Wn.2d at 296. A guilty plea is involuntary and must be withdrawn when the defendant

has been incorrectly advised of the offender score and accompanying standard range.

*State v. King*, 162 Wn. App. at 241 (2011).

Usually the accused learns after the guilty plea that the consequences of the plea

are more severe than expected. In this appeal, Terrenz Ray Hampton-Henderson's

sentence would likely have been lowered if the parties accurately calculated the offender

score. This distinction is immaterial, however. In *State v. Mendoza*, 157 Wn.2d 582, 141

P.3d 49 (2006), the state high court held that, when a guilty plea is based on

8

misinformation regarding the direct consequences of the plea, including a miscalculated offender score resulting in a lower standard range than anticipated by the parties when negotiating the plea, the defendant may withdraw the plea based on involuntariness. Courts will not speculate as to the effect on the accused's decision to plead guilty had the accused been given accurate information as to the plea consequences.

*State v. King*, 162 Wn. App. 234 (2011) follows the rule in *State v. Mendoza*. The *King* court examined the calculation of Jon King's offender score following his plea to vehicular assault and witness tampering. The State and King agreed to recommend a fifty-five month concurrent sentence on each count. The parties based that recommendation on an offender score calculation higher than warranted. We held that precedent required that the guilty plea be withdrawn.

Terrenz Hampton-Henderson asserts other arguments about why his guilty plea was not knowingly, voluntarily, and intelligently made, why the court erred in denying his motion to withdraw his guilty plea, and why the court erred by imposing a hybrid sentence. We need not address any of these arguments because we reverse and remand for withdrawal of the guilty plea based on the erroneous offender score.

## CONCLUSION

We reverse Terrenz Hampton-Henderson's conviction and sentence. We remand for withdrawal of the guilty plea and further proceedings thereafter.

9

No. 34170-4-III
*State v. Hampton-Henderson*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, J.