IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PIO AUGUSTINO FAGAAUTAU, | No. 88025-0-I |
| Appellant, | |
| v. | DIVISION ONE |
| JASON BENNETT, | UNPUBLISHED OPINION |
| Respondent. | |

SMITH, J. — Pio Augustino Fagaautau appeals from the denial of his habeas corpus petition, seeking relief from his conviction on two counts of rape of a child in the second degree. Fagaautau contends that he is entitled to relief because he was not arraigned after the State substantially amended the charging document in his criminal proceedings. For the reasons that follow, we convert Fagaautau's appeal into a personal restraint petition and deny relief.

FACTS

Fagaautau was convicted of two counts of rape of a child in the second degree in Skamania County on September 26, 2019. Fagaautau appealed and Division Two of this court affirmed his convictions in an unpublished opinion issued on November 16, 2021. This court issued the mandate in Fagaautau's case on April 13, 2022.

On December 8, 2023, Fagaautau filed a petition for writ of habeas corpus and motion for order to show cause in Grays Harbor County, naming Jason Bennett, then superintendent of Stafford Creek Correction Center, as the

respondent.  Fagaautau asserted that he was being unlawfully restrained because he was not "re-arraigned" after the State substantially altered the information, which resulted in him being convicted of crimes for which he was never arraigned.  The trial court denied both motions without a response from the State.

Fagaautau appeals.

ANALYSIS

Habeas corpus petitions are collateral attacks on a judgment and sentence.  RCW 10.73.090(2).  CrR 7.8 "applies to habeas corpus petitions filed in the superior court which seek postconviction relief, if not directly then by analogy."  *Toliver v. Olsen*, 109 Wn.2d 607, 612-13, 746 P.2d 809 (1987).  Under CrR 7.8(c)(2), the superior court must transfer any collateral attack to the court of appeals unless it is not time barred and "either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing."  The superior court here did not follow this procedure and instead dismissed Fagaautau's habeas petition outright.  This was error.

Ordinarily, when the trial court has not followed the mandatory procedure under CrR 7.8(c)(2), we would vacate the order and remand for the superior court to enter an order compliant with CrR 7.8.  *See State v. Smith*, 144 Wn. App. 860, 864, 184 P.3d 666 (2008).  But in the interest of judicial economy, we may decline to correct an error where the corrective action would be a useless act and waste of judicial resources.  *See, e.g., Ten Bridges, LLC v. Guandai*, 15 Wn.

2

App. 2d 223, 242, 474 P.3d 1060 (2020); *In re Pers. Restraint of Williams*, 21 Wn. App. 238, 242, 583 P.2d 1262 (1978). We do so here and convert Fagaautau's CrR 7.8 motion to a personal restraint petition. Because Fagaautau's petition was clearly untimely and subject to dismissal, remand to the superior court for it to transfer the motion back to us for consideration as a personal restraint petition would be a useless act.[1]

"No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). Fagaautau's judgment and sentence became final when this court issued the mandate following direct appeal on April 13, 2022. RCW 10.73.090(3)(a). Fagaautau filed his habeas corpus petition on December 8, 2023, more than one year later. Accordingly, Fagaautau's habeas corpus petition is time barred and must be dismissed unless he can show that his judgment and sentence is invalid on its face, not rendered by a court of competent jurisdiction, or meets one of the six enumerated exceptions to the time bar listed in RCW 10.73.100.

Fagaautau asserts that the Skamania County superior court did not have jurisdiction over him because the county did not obtain an arrest warrant, which "resulted in an Article 1 Judge presiding over a criminal proceeding without a

---

[1] In *Smith*, this court remanded an improperly decided CrR 7.8 motion to the superior court to allow the appellant to withdraw his motion and avoid future application of the bar against successive petitions. 144 Wn. App. at 864. Here, Fagaautau has filed prior personal restraint petitions and is subject to the bar against successive petitions regardless of the disposition of this matter.

permission from an Article 3 Judge."  Fagaautau makes no argument in support of this assertion and he fails to include any citation to authority.  We therefore decline to consider this argument.  *Saviano v. Westport Amusements, Inc.,* 144 Wn. App. 72, 84, 180 P.3d 874 (2008) (Courts of appeal will "not address issues that a party neither raises appropriately nor discusses meaningfully with citations to authority.").[2]  While Fagaautau asserts various violations of his constitutional rights, none of these arguments fall under any exception to the time bar enumerated in RCW 10.73.100.  Fagaautau does not otherwise address the time bar in either his habeas petition or in his brief on appeal.

Because his habeas corpus petition was untimely filed, Fagaautau is not entitled to relief.  Accordingly, we deny his petition.

_____

WE CONCUR:

_____    _____, ACJ

---

[2]  Additionally, Washington does not have "Article 1" and "Article 3" judges.

4